The Attorney General has received your request for an opinion wherein you ask the following questions: "1. Were the funds transferred from "excess court funds" after May 17, 1968 to the Stephens County Courthouse Building Commission and used by Stephens County to make principal and interest payments on the courthouse and jail bonds issued by Stephens County in 1966, valid transfers? "2. What is the lawful disposition to be made of the funds, investments and cash currently held by the Stephens County Courthouse Building Commission?" Attorney General's Opinion 79-290 concluded as follows: ". . . Any transfers of the `excess court funds' by the court clerk to the credit of the Stephens County Courthouse Building Fund Commission and not to the State Judiciary Fund after May 17, 1968 were void and were made without legal authority." Therefore, any transfers to the Courthouse Building Fund Commission after May 17, 1968 were invalid. However, as noted in Opinion 79-290, after May 17, 1968 the court clerks were authorized to transfer money from the court fund to the County Treasurer for the payment of the principal and interest on courthouse construction bonds. 20 O.S. 1304 [20-1304](b) (1971). Consequently, any such transfers which were, in fact, used to pay principal and interest on the Stephens County courthouse construction bonds were appropriate even though they may have passed through the Courthouse Building Fund Commission account in the County Treasurer's office. Under such circumstances the placement by the County Treasurer in an inappropriate account constitutes merely an accounting inaccuracy and does not affect the validity of the eventual expenditure of those funds for principal and interest payments on the courthouse construction bonds as those payments became due. However, if there were funds in the Courthouse Building Fund Commission on May 17, 1968 those funds should have been first expended for principal and interest payments on the bonds since there was no other purpose for that fund than to finance construction of the courthouse and, therefore, hold funds necessary to retire the construction bonds. "The monies on deposit with the County Treasurer of the county to the credit of the County Courthouse Building Commission shall be a continuing fund . . . and shall be used exclusively in payment of the cost of . . . retiring any bonds. . . ." 19 O.S. 774 [19-774] (1963). Once these funds have been expended, then the provisions of 20 O.S. 1304 [20-1304](b) (1971) become necessary and clearly authorize the payment of principal and interest on the bonds from the court fund. To avoid duplicitous and unnecessary transfers of the funds on hand and to protect the bond holders, the Stephens County Treasurer should retain the amount necessary to retire these bonds. All excess money including return on investments of this fund should be transferred to the State Judiciary Fund. Only that amount may be retained which, with the income generated by its proper investment, will be sufficient to fully retire these construction bonds leaving the account fully depleted by the last payment. Therefore, it is the official opinion of the Attorney General that all money on deposit with the Stephens County Treasurer to the credit of the Stephens County Courthouse Building Fund Commission shall be transferred to the State Judicial Fund except for the amount which at present value will be sufficient to meet the remaining principal and interest payments on the county courthouse construction bonds. It is further the official opinion of the Attorney General that any transfers of excess court funds after May 17, 1968 actually expended for the payment of principal and interest on the construction bonds where they were improper, resulted from an accounting inaccuracy which can be corrected as set out above. However, the actual payments of the principal and interest on the construction bonds were a valid transfer of public funds. (JOHN F. FISCHER, II) (ksg)